FILED

NOT FOR PUBLICATION

FEB 15 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VAN NUYS CYCLE, INC., DBA Old Road Harley-Davidson, a California corporation,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin Corporation,<br><br>        Defendant-Appellee. | No.    15-56190<br><br>D.C. No.<br>2:14-cv-06625-R-MRW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 9, 2017[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, NGUYEN, Circuit Judge, and AMON,*** District Judge.

Plaintiff Van Nuys Cycle, Inc. appeals the district court's grant of summary judgment to Harley-Davidson Motor Company, Inc., on its breach of contract and breach of the duty of good faith and fair dealing claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

We review a grant of summary judgment de novo and employ the same standard the trial court used under Federal Rule of Civil Procedure 56(c). *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We may affirm a grant of summary judgment on any ground supported by the record. *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009). Under Wisconsin law the interpretation of an

---

*** The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

2

unambiguous contract presents a question of law.[1]  *Betz v. Diamond Jim's Auto Sales*, 849 N.W.2d 292, 302 (Wis. 2014).

I

The district court properly granted summary judgment to Harley-Davidson on Van Nuys's breach of contract claim.  "When construing contracts that were freely entered into, [the] goal is to ascertain the true intentions of the parties as expressed by the contractual language."  *Id.* at 302 (internal quotation marks and citation omitted).  To ascertain the parties' intent, a court should give contract terms their plain or ordinary meaning.  *Id*.  When a contract is unambiguous, courts need only look within the four corners of the contract to determine the parties' intent.  *Id.*

Even assuming that the district court erred by construing together the 2004 dealer contract and seven other documents, Van Nuys's breach of contract claim still fails because the dealer contract permitted Harley-Davidson to require the dealership to relocate.  Under the plain and ordinary meaning of the dealer contract, Van Nuys was required to "conduct all of its operations" from the "approved dealer location," which at the time happened to be in Van Nuys.  But the dealer contract also provided that Harley-Davidson could "modify, alter or adjust

---

[1]  The parties agree that Wisconsin law applies to the 2004 dealer contract.

Dealer's Territory at any time" based on its good faith business judgment. This provision makes Harley-Davidson's relocation demand facially permissible. Therefore, Harley-Davidson was entitled to summary judgment on this claim.

## II

The district court properly granted summary judgment to Harley-Davidson on Van Nuys's claim for breach of the duty of good faith and fair dealing because Harley-Davidson did not breach this duty. *See Beidel v. Sideline Software, Inc.*, 842 N.W.2d 240, 251 (Wis. 2013) (citing *Super Valu Stores, Inc. v. D-Mart Food Stores, Inc.*, 431 N.W.2d 721 (Wis. Ct. App. 1988)) (stating there cannot be a breach of the covenant of good faith when "a contracting party complains of acts of the other party which are specifically authorized in the[] agreement"). The Wisconsin Supreme Court has held that "[e]very contract implies good faith and fair dealing between the parties to it, and a duty of cooperation on the part of both parties." *Id.* at 250 (quoting *Chayka v. Santini*, 176 N.W.2d 561, 564 n.7 (Wis. 1970)).

Under the parties' agreement here, Harley-Davidson could change the dealership's location or modify the dealership's territory. The dealer contract states that the dealer's territory is "non-exclusive and subject to change by Harley-Davidson from time-to-time." The General Conditions of Sales and Service, which

4

is incorporated by reference into the contract, states that Harley-Davidson "may modify, alter or adjust Dealer's Territory at any time" based on its good faith business judgment, that the dealer recognizes that its territory might change, and that the dealer will maintain facilities in a satisfactory location.  We therefore conclude that, as a matter of law, there was no breach of the duty of good faith and fair dealing, and the district court appropriately entered summary judgment on this claim.

III

Because we conclude that Van Nuys's claims fail as a matter of law, we need not address the alternative arguments presented by Harley-Davidson, nor any other matter urged by the parties.

**AFFIRMED.**